Opinion
 

 FILES, P. J.
 

 This appeal was transferred here from the Appellate Department of the Los Angeles Superior Court under rule 62, California Rules of Court, to settle an important question of law: that is, in a criminal case may the People appeal from a pretrial order of the municipal court striking an allegation of prior conviction. (1) We have concluded that the order is appealable under Penal Code section 1466.
 

 The complaint charged in count I that, on July 14, 1977, defendant drove a motor vehicle under the influence of intoxicating liquor in
 
 *217
 
 violation of Vehicle Code section 23102, and in count II that he drove with a suspended or revoked license in violation of Vehicle Code section 14601.1. The complaint also alleged that, on February 20, 1973, defendant had suffered a prior conviction of section 23102. At a hearing on January 19, 1978, prior to trial, the defendant made a motion to strike the prior upon the ground that it was constitutionally invalid. The court examined a certified copy of the docket reflecting the 1973 proceedings and ordered the prior stricken upon the ground that the defendant had pleaded guilty without any showing in the docket that he had expressly waived the right to subpoena witnesses. Defendant thereafter pleaded guilty to the 1977 charges and was sentenced as a first offender.
 

 The order striking the 1973 prior conviction was error. (See
 
 Mills
 
 v.
 
 Municipal Court
 
 (1973) 10 Cal.3d 288, 308 [110 Cal.Rptr. 329, 515 P.2d 273].) The sole issue requiring discussion is whether that order is appealable.
 

 Appeals from the municipal court in criminal cases are governed by Penal Code section 1466, which authorizes an appeal “1. By the people: (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy;. . .”
 

 The critical question is whether an order “dismissing or otherwise terminating the action” includes the order striking the charge of a prior conviction. In approaching that issue it is useful to compare the language of Penal Code section 1238, which identifies the orders of the superior court from which the People may appeal.
 

 Section 1238 provides: “(a) An appeal may be taken by the people from any of the following:
 

 “(1) An order setting aside the indictment, information, or complaint.
 

 “(8) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.”
 

 People
 
 v.
 
 Burke
 
 (1956) 47 Cal.2d 45 [301 P.2d 241] was an appeal by a defendant who had been convicted of possession of marijuana. Although
 
 *218
 
 the People had not appealed, the Attorney General asked the Supreme Court to reverse for the purpose of having the sentence increased. The information had included an allegation that the defendant had suffered a prior conviction for violation of the possession statute, and defendant had admitted the truth of that allegation. At that time Health and Safety Code section 11712 provided that one who had previously been convicted of a felony would be sentenced to the state prison. The trial court had stricken the allegation of a prior conviction and sentenced the defendant to the county jail.
 

 In rejecting the People’s contention the Supreme Court said (at pp. 53-54): “Furthermore, the People failed to appeal, although the order striking the charge of prior conviction was in its nature one of the orders specified as appealable either by paragraph 1 or by paragraph 6 of section 1238 of the Penal Code. That statute provides that the People may appeal T. From an order setting aside the indictment, information, or complaint; ... 6. From an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed.’ The trial court’s action was in substance ‘an order setting aside [a part of] the . . . information’; having set aside that part of the information charging a prior conviction the court properly made no finding on that issue. The People contend, implicitly or explicitly, not only that it was error to set aside the charge but that on the record the court was bound to let the information stand as filed, to accept the defendant’s admission, and to make a finding and to enter sentence in accord therewith. If for purposes of this decision we accept the People’s above stated contention then it would follow that the purpose and ultimate effect of the court’s order were the same as those of ‘an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed.’ Regardless of whether the action of the trial court be regarded as ‘an order setting aside [a part of the] . . . information’ or as ‘an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed,’ it would appear that the People, if they were successfully to attack such action, must not only not have assented to it but must have taken an appeal. The failure of the People to appeal, like their silence when the dismissal order was made, indicates acquiescence in the order and the sentence which followed.”
 

 The statement that the People had a right of appeal from the order striking the prior was not necessary to the decision. The result in the
 
 Burke
 
 case had to be the same whether or not the People had a right of appeal, since the People had not filed any notice of appeal. Nevertheless,
 
 *219
 
 the reasoning of the Supreme Court as to the meaning of paragraph 1 of Penal Code section 1238 has not been challenged in any subsequent judicial decision. Several opinions have indicated continuing acceptance of the
 
 Burke
 
 analysis.
 

 In
 
 People
 
 v.
 
 Drake
 
 (1977) 19 Cal.3d 749 [139 Cal.Rptr. 700, 566 P.2d 622], the court held that neither paragraphs 1 nor 6 of section 1238 authorized a People’s appeal from an order modifying a finding of guilty of robbery to the lesser offense of grand theft. Of interest here is footnote 7 in which the
 
 Drake
 
 court stated: “7 The People rely on
 
 People
 
 v.
 
 Burke
 
 (1956) 47 Cal.2d 45, 53 [301 P.2d 241], in which this court stated that an order striking the charge of a prior conviction ‘was in its nature one of the orders specified as appealable either by paragraph 1 or by paragraph 6 of section 1238 of the Penal Code.’ However, in
 
 People
 
 v.
 
 Valenti
 
 (1957) 49 Cal.2d 199, 207 [316 P.2d 633], we emphasized that the considerations involved in the appeal of an order striking a prior conviction are quite different from those involved in the appeal of an order which goes to the ‘cause of action itself,’ as does the order in this case.”
 

 The
 
 Drake
 
 opinion, in holding that
 
 Burke
 
 does not make appealable an order reducing the offense of which the defendant had been convicted, nevertheless confirmed the view that
 
 Burke
 
 correctly stated the law with respect to orders striking prior convictions.
 

 People
 
 v.
 
 Clark
 
 (1970) 3 Cal.3d 97 [89 Cal.Rptr. 253, 473 P.2d 997] was an appeal by the People from an order striking an allegation of prior narcotics convictions. The court considered the appeal on its merits and affirmed without any discussion of the appealability of the order.
 

 Further support for the
 
 Burke
 
 analysis is found in two other cases which have indicated, although in dicta, the view that a municipal court order striking a prior is appealable by the People. (See
 
 Hasson
 
 v.
 
 Cozens
 
 (1970) 1 Cal.3d 576, 579-580 [83 Cal.Rptr. 161, 463 P.2d 385];
 
 Gonzalez
 
 v.
 
 Municipal Court
 
 (1973) 32 Cal.App.3d 706, 710 [108 Cal.Rptr. 612].) In
 
 Hasson,
 
 our Supreme Court found a municipal court order determining invalidity of a prior offense to be res judicata, and pointed out that the People took no appeal from that order. Similarly, in
 
 Gonzalez,
 
 the Court of Appeal declared that an order striking an allegation of prior conviction was res judicata, and alluded to the fact that the People had taken no appeal from that order. Again, although not a holding on the question of appealability, the courts’ language reflects the assumption that the
 
 Burke
 
 analysis is applicable to orders of the municipal court striking priors.
 

 
 *220
 
 Section 1238, subdivision (a)(1), has been interpreted as authorizing a People’s appeal from an order dismissing some but not all counts of a multi-count information.
 
 (People
 
 v.
 
 Shirley
 
 (1978) 78 Cal.App.3d 424, 426 [144 Cal.Rptr. 282].)
 

 Section 1466, subdivision (1), has similarly been construed as authorizing a People’s appeal from an order dismissing one count of a multi-count complaint.
 
 (People
 
 v.
 
 Agnello
 
 (1968) 259 Cal.App.2d 785, 789 [66 Cal.Rptr. 571]. Accord:
 
 People
 
 v.
 
 Saffell
 
 (1946) 74 Cal.App.2d Supp. 967, 971 [168 P.2d 497];
 
 People
 
 v.
 
 Ring
 
 (1937) 26 Cal.App.2d Supp. 768, 770 [70 P.2d 281].)
 

 It is also noteworthy that the exact language of section 1466, subdivision (l)(a) was added to section 1238 as subdivision (a)(8) in 1968, which was subsequent to the 1956
 
 Burke
 
 decision. This language was relied upon in
 
 People
 
 v.
 
 Orin
 
 (1975) 13 Cal.3d 937, 940 [120 Cal.Rptr. 65, 533 P.2d 193], as authorizing an appeal by the People from an order dismissing two counts of a three-count information. The opinion did not discuss appealability other than to cite Penal Code section 1238, subdivision (a)(8) as the basis of the appeal.
 

 This body of precedent, applying the reasoning articulated in the
 
 Burke
 
 decision, supports the view that a statute authorizing a People’s appeal from an order “setting aside the indictment, information or complaint” (as in § 1238, subd. (a)(1)) or “dismissing or otherwise terminating the action” (as in §§ 1238, subd. (a)(8) and 1466, subd. (l)(a)) authorizes an appeal from an order dismissing a part of the charge.
 

 In the case here the People have argued that if their right of appeal was not established by Penal Code section 1466, it was authorized by the 1973 amendments to Vehicle Code sections 23102, 23105 and 23106 in Senate Bill No. 1268. A major purpose of that bill was to curtail practices which the Legislature viewed as frustrating its intent that drunk driving repeaters should receive greater punishment.
 
 [1]
 

 
 *221
 
 Senate Bill No. 1268 added subdivision (g) to Vehicle Code section 23102, which, in its present form, states:
 

 “Except in unusual cases where the interests of justice demand an exception, the court shall not strike a prior conviction of an offense under this section for purposes of sentencing in order to avoid imposing as part of the sentence or term of probation the minimum time in confinement in the county jail and the minimum fine, as provided in this section.
 

 “When such a prior conviction is stricken by the court for purposes of sentencing, the court shall specify the reason or reasons for such striking order.
 

 “On appeal by the people from such an order striking such a prior conviction
 
 it shall be conclusively presumed that such order was made only for the reasons specified in such order and such order shall be reversed if there is no substantial basis in the record for any of such reasons.” [Italics added.]
 

 Senate Bill No. 1268 added similar language relating to appeal by the People in Vehicle Code section 23105, and in 1977 the same language was added to section 23106, each of which sections prescribes punishment for driving under the influence of a drug.
 

 We do not construe these Vehicle Code sections as themselves giving the People a right of appeal not provided for in the general appeal statutes found in the Penal Code. Rather we interpret the 1973 amendments as confirmation of the Legislature’s understanding that it had created such an appeal in Penal Code section 1466.
 

 The only contrary authority cited to us is the opinion of the Appellate Department of the Los Angeles Superior Court in
 
 People
 
 v.
 
 Edquist
 
 (1977) 69 Cal.App.3d Supp. 21 [138 Cal.Rptr. 456], In that case the court acknowledged that the
 
 Burke
 
 opinion supported an appeal from a superior court order under Penal Code section 1238, but concluded the language of section 1466, applying to appeals from municipal courts, was not analogous. It does not appear that the
 
 Orin, Hassan
 
 or
 
 Gonzalez
 
 opinions were there considered by the
 
 Edquist
 
 court, nor was the legislative intent, as manifested in the 1973 amendments to the Vehicle Code, brought to that court’s attention.
 

 
 *222
 
 Amicus curiae argues that there are various ways in which a trial court may rule that an alleged prior conviction is invalid, and not all of such rulings are subject to review on appeal under the
 
 Burke
 
 analysis. For our decision in the pending case we need not discuss the appealability of orders other than the kind which is before us. This case grows out of a pretrial motion by a defendant to strike a portion of the accusatory pleading. In this situation, the analysis of
 
 Burke, supra,
 
 is applicable in that the trial court’s order operates to dismiss a portion of the action, so that an appeal from the order lies under Penal Code section 1466, subdivision (1)(a).
 

 We do not express an opinion as to the appealability of other kinds of decisions involving the validity of alleged prior convictions.
 

 The judgment is reversed. The case is remanded to the municipal court with directions to (1) set aside its order of January 19, 1978, striking the allegation of a prior conviction; (2) allow the defendant to withdraw his plea of guilty to both counts of the complaint; and (3) resume criminal proceedings on the complaint.
 

 Kingsley, J., and Alarcon, J., concurred.
 

 [1]
 

 The enrolled bill memorandum to Governor, concerning Senate Bill No. 1268 (1973 Reg. Session) includes a letter to the Governor authored by George Deukmejian, Senator 37th District, dated September 24, 1973, which states the problem: “Since April 1969, over 25,000 prior convictions of drunk driving have been invalidated by the courts in cases where the defendant was before the court on a second or subsequent drunk driving charge. This year the invalidation rate was running at up to 1500 per month. In such cases, the defendant is generally sentenced as a first time offender rather than one who has prior convictions.”