[Crim. No. 10230. Fourth Dist., Div. Two. Nov. 27, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
VINCENT BARREDA ESPINOZA, Defendant and Respondent.

62

---

**COUNSEL**

James M. Cramer, District Attorney, and Dennis S. Tilton, Deputy District Attorney, for Plaintiff and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl Phaler and Michael D. Wellington, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiff and Appellant.

Charles E. Ward, Public Defender, and David W. Negus, Deputy Public Defender, for Defendant and Respondent.

OPINION

**KAUFMAN, J.**—On September 1, 1978, Vincent Barreda Espinoza (defendant) was charged by information with burglary (Pen. Code, § 459), allegedly committed August 10, 1978. As the basis for enhancement of defendant's sentence should he be convicted of the charged offense, it was also alleged in the information that defendant had suffered three prior felony (burglary) convictions (one on Dec. 26, 1975, and two on Apr. 15, 1976) and had served a term of imprisonment on account of each of them.

After the case had been assigned for trial but prior to the commencement of trial, defendant moved the court to "make a determination as to the truth or falsity of the three alleged prior convictions." Thereupon the parties entered into a stipulation in substance that defendant had suffered the prior convictions as alleged in the information and was sentenced to prison on account of them;[1] that in January 1978 he was paroled from prison; and that on September 7, 1978, his parole was revoked and he was recommitted to prison for a period of six months. Although it was not expressly set forth in the stipulation, the parties and the court appear to have proceeded on the premise that the revocation of defendant's parole was based upon the conduct giving rise to the burglary charged in the information. Accordingly, so shall we.

Based upon the stipulated facts and particularly the fact that defendant's parole had been revoked and he had been recommitted to prison, the court determined that defendant had not "completed," as that term is used in subdivision (g) of Penal Code section 667.5, serving the sentence on his prior burglary convictions and that, therefore, any sentence he might receive in the event of his conviction on the new burglary charge could not be enhanced under the statute on the basis of his prior

---

[1] It is not clear from the stipulation whether defendant was sentenced separately on each conviction. However, that point is of no consequence to this appeal. For enhancement purposes under Penal Code section 667.5, subdivision (g), prison terms "imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes" are considered a single, separate term.

burglary convictions. (All statutory references will be to sections of the Penal Code unless otherwise specified.)

Having so concluded, the court indicated it intended to find the allegations concerning defendant's service of the prior sentences untrue. The district attorney objected to the procedure proposed by the court, stating that he had not waived jury trial on the "factual" question. He suggested that if the court adhered to its interpretation of the statute, it should strike the allegations in the information pertaining to the prior convictions and sentences. Counsel for defendant indicated he had no objection to striking the allegations, and the court acceded: "Put it this way: Because the Court feels that under these circumstances, that the Defendant has not completed his term of imprisonment for the offense set forth in these allegations, the Court will order the allegations stricken."

The People appeal from that order of the court.[2]

The People petitioned for an appropriate writ (mandate, prohibition or certiorari) to determine the invalidity of the court's order, but the petition was denied by this court without opinion on November 16, 1976. (4 Civ. 20652.)

On appeal the People contend that the trial court's order striking the allegations pertaining to defendant's prior felony convictions and the

[2]Immediately after the court rendered the foregoing order, defendant was permitted to enter a guilty plea to the charge of burglary on the condition the court not sentence him to more than two years in prison, the middle term. The court accepted the conditional guilty plea, expressly reserving the right to sentence defendant to the upper term of three years should the presentence report indicate the propriety of that term, but the court expressly indicated to defendant that he would be permitted to withdraw his guilty plea in that event. Originally the People contended that the court was unauthorized to enter into this negotiated plea without the approval and consent of the district attorney. However, the court ultimately decided that a three-year term was appropriate, and permitted defendant to withdraw his guilty plea, and the People have expressly abandoned their contention that the court exceeded its jurisdiction in accepting the negotiated plea. We observe that in any event the record establishes that the district attorney acquiesced in the negotiated plea by failing to object. (Cf. *People* v. *Burke*, 47 Cal.2d 45, 53 [301 P.2d 241].) So far as the record indicates, the district attorney voiced no opposition whatever to the conditional plea. He indicated only that he felt and would argue at sentencing that the upper term of three years should be imposed irrespective of enhancement.

On April 11, 1979, pending this appeal, defendant again pled guilty pursuant to a new plea bargain. However, as part of the disposition, it was agreed that if the trial court decision were finally reversed on appeal, "one of the three priors adjudicated on 10-5-78 . . . be deamed [*sic*] true" and that "[t]his charge will be consecutive. . . ." Thus, the appeal has not been mooted.

sentence served on account of them was erroneous and based upon a misinterpretation by the court of the applicable statutory provisions. Defendant contends that the order complained of is nonappealable and, alternatively, if it is appealable, the order was proper and based upon a correct interpretation of the statutory provisions.

### Appealability of the Order

In support of their contention that the court's order is appealable, the People rely primarily upon subdivision (a)(1) of section 1238 authorizing an appeal by the People from "[a]n order setting aside the indictment, information or complaint" and *People v. Burke, supra,* 47 Cal.2d at pages 53-54,[3] in which the California Supreme Court indicated that an order striking the allegation of a prior conviction contained in an information for the purpose of enhancing sentence "was in substance 'an order setting aside [a part of] the...information'" (47 Cal.2d at p. 53) and, therefore, an appealable order under subdivision (a)(1) of section 1238.

Defendant contends that the language in Burke relied on by the People was merely dicta, was unnecessary to the decision, and does not represent the current view of our high court.

We cannot agree that that portion of the *Burke* decision relied on by the People was nothing more than dicta. Confronted with the argument of the People in that case that while a court has the power to strike its own findings, it may not strike a prior conviction admitted by defendant, the court held that the People had acquiesced in the court's striking the prior by failing to object at the time the order was made and failing to appeal from the order. (47 Cal.2d at pp. 53-54.) While the court did observe in the opinion that "[t]he admission [of the prior commitment], conceivably, could have been inadvertent, mistaken or deliberately false; it is, at most, evidence which must be considered in the judicial process" (47 Cal.2d at p. 53), it drew no conclusion from that observation, and its determination that the People had acquiesced in the order by failing to object to it and failing to appeal from it appears to be at the very least an alternative ground and, probably, the primary basis for the court's holding on the point.

---

[3]*People v. Burke, supra,* was disapproved with respect to another point in *People v. Sidener,* 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641], which in turn was overruled in *People v. Tenorio,* 3 Cal.3d 89, 91 [89 Cal.Rptr. 249, 473 P.2d 993].

The People also place some reliance on a footnote in *People v. Drake,* 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d 622], in which the court referred to that part of the *Burke* decision relied on by the People and distinguished the *Burke* decision from the case then before it by noting that "in *People v. Valenti* (1957) 49 Cal.2d 199, 207 [316 P.2d 633], we emphasized that the considerations involved in the appeal of an order striking a prior conviction are quite different from those involved in the appeal of an order which goes to the 'cause of action itself,' as does the order in this case." (19 Cal.3d at p. 756, fn. 7.)

It is true as defendant points out that in *Drake* the court did not expressly approve *Burke* but, rather, distinguished it. However, the court's reference to the *Valenti* decision emphasizing the different considerations involved in an appeal of an order striking a prior conviction from those involved in an appeal of an order going to the substance of the offense was made with apparent approval, and in that part of the *Valenti* opinion the court stated in pertinent part: "The order striking the allegation of prior conviction in Burke was appealable, not because it was made 'in furtherance of justice,' but because, as we there stated (p. 53 [8] of 47 Cal.2d), it 'was in its nature one of the orders specified as appealable either by paragraph 1 or by paragraph 6 of section 1238 of the Penal Code. That statute provides that the People may appeal "1. From an order setting aside the indictment, information or complaint; . . . 6. From an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed." The trial court's action was in substance "an order setting aside [a part of] the . . . information."' Since the Burke case order did not involve either the cause of action itself or any question of jeopardy it was clearly proper to hold, as we did, that it 'was in substance "an order setting aside [a part of] the . . . information"' and, consequently, that as to appealability it should be governed by the rules applicable to orders setting aside the information rather than by those applicable to orders dismissing the action." (*People v. Valenti,* 49 Cal.2d 199, 207.)

Thus the most recent pronouncements of the California Supreme Court tend to confirm its adherence to the determination in *Burke* that an order striking an allegation of a prior conviction set forth in an information for the purpose of enhancing punishment is an appealable order. (See also *People v. Braeseke,* 25 Cal.3d 691, 699, 701 [159 Cal.Rptr. 684, 602 P.2d 384].)

The same conclusion was recently reached by the court in *People* v. *Davis,* 94 Cal.App.3d 215 [156 Cal.Rptr. 395]. In that case the municipal court had stricken an allegation of prior conviction on the ground the prior conviction was constitutionally invalid. The People appealed, and, on transfer of the case to the Court of Appeal from the Appellate Department of the Los Angeles Superior Court, after a thorough discussion of the pertinent statutes and decisions, it was held that the order was appealable. (94 Cal.App.3d at pp. 217-221.) Of course, the governing statute there was section 1466 relating to appeals from the municipal court in criminal cases, whereas in the case at bench the governing statute is section 1238. However, as the court there observed, the two statutes are similar in many respects and have been similarly construed. (94 Cal.App.3d at p. 220.)

We recognize that there are several Court of Appeal writ decisions in which the nonappealability of somewhat analogous orders has been assumed or suggested (see *People* v. *Superior Court (Lozano),* 69 Cal.App.3d 57, 61 [137 Cal.Rptr. 767]; *People* v. *Superior Court (Brodie),* 48 Cal.App.3d 195, 200, including fn. 3 [121 Cal.Rptr. 732]), but in none of them was the point actually decided, and in any event, such Court of Appeal decisions may hardly be viewed by us as authoritative on the question of the appealability of the order here made in view of the Supreme Court pronouncements in *Burke* and *Valenti.*

Defendant asserts that even if *Burke* properly states the law it does not govern the case at bench because *Burke* involved an order made after trial and conviction after the defendant admitted the prior conviction, whereas here, prior to trial the allegations were struck because the court made a factual finding that defendant had not completed his term of imprisonment. This assertion is ill-founded.

In the first place, the determination that the order in *Burke* was appealable was based on subdivision (a)(1) of Penal Code section 1238 authorizing appeal from an order setting aside an indictment, information or complaint. Invariably, such orders are made prior to trial. Secondly, there is no factual dispute in the case at bench; the facts were stipulated. The trial court's ruling was based not upon a factual determination but, rather, the court's interpretation of the statutory provisions. The interpretation of a statute presents a question of law. (Evid. Code, § 310; *Neal* v. *State of California,* 55 Cal.2d 11, 17 [9 Cal.Rptr. 607, 357 P.2d 839]; *Bakersfield Community Hosp.* v. *Department of Health,* 77 Cal.App.3d 193, 196 [142 Cal.Rptr. 773].)

■ Similarly, defendant's contention that permitting the People to appeal will deprive him of equal protection of laws because as to all other persons accused of crime the prosecution would not have the right to appeal prior to judgment is without merit. If, as may well be so, it is important to disposition of the case that the matter be determined by a pretrial motion, it would seem equally as important that the decision be based on a determination correct in law and not subject to reversal on appeal after disposition. Moreover, the right of the People to appeal has equal application to all parties similarly situated and is in no way invidiously discriminatory.

Defendant's unsupported assertion that a successful appeal by the People would have the effect of impermissibly increasing his sentence and that such could not be done had he been tried and convicted is incorrect. ■ "'When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court. [Citations.] . . . [¶] . . .'" (*People* v. *Cabral,* 51 Cal.App.3d 707, 717-718 [124 Cal.Rptr. 418], quoting from *People* v. *Massengale,* 10 Cal.App.3d 689, 692 [89 Cal.Rptr. 237].) Such a correction of the sentence does not constitute a proscribed increase in penalty imposed upon the defendant because of his appeal. (*People* v. *Cabral, supra,* 51 Cal.App.3d at p. 718.) Indeed, defendant is not the appealing party. Moreover, as previously noted, the statutory requirement that the court specify its reasons for striking an enhancement to punishment clearly indicates the intent of the Legislature that such action by the court be subject to appellate review.

We conclude the People's appeal is properly taken.

### *Interpretation of the Statute*

As part of the determinate sentencing law, Penal Code section 667.5 provides for the enhancement of sentences for prior felony convictions for which prison terms were served. The length of the enhancement varies depending on the nature of the current crime and the nature of the prior crime or crimes. (§ 667.5, subds. (a) and (b).) Since the crime with which defendant is currently charged is burglary and his prior convictions were for burglaries, and since burglary is not one of the "violent felonies" enumerated in the statute (see § 667.5, subd. (c)), any enhancement of his sentence on account of his prior convictions would be

governed by subdivision (b) of section 667.5. The relevant portion of subdivision (b) reads: "[W]here the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for *each prior separate prison term* served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (Italics added.)

Subdivision (g) of section 667.5 reads: "A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, *including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison,* and including any reimprisonment after escape from such incarceration." (Italics added.)

Before turning to the interpretation of the statute by the trial court in the case at bench, we think it necessary to discuss the recent decision in *People* v. *Cole,* 94 Cal.App.3d 854 [155 Cal.Rptr. 892]. *Cole* appears to support defendant's contention that his sentence on conviction of the present charges would not be subject to enhancement on account of his prison sentence for the prior burglaries. In *Cole* the defendant was convicted of assault with a deadly weapon (§ 245, subd. (a)). He admitted prior convictions for the crimes of arson and conspiracy and pimping. The record revealed that at some point after the defendant's arson conviction, he was released on parole but that his parole was revoked and he was reimprisoned as a result of his conviction of conspiracy and pimping. In sentencing the defendant on the current conviction of assault with a deadly weapon the trial court imposed upon defendant a one-year enhancement pursuant to section 667.5, subdivision (b). On appeal it was held that that enhancement was improper. The court reasoned: "A 'prior separate prison term' is defined in section 667.5, subdivision (g), as 'a continuous completed period of prison incarceration... including any reimprisonment on revocation of parole *which is not accompanied by a new commitment to prison....*' (Italics added.) Here, defendant's reimprisonment upon revocation of parole on the arson prior *was* accompanied by the new commitment for his conspiracy and pimping conviction, hence reimprisonment is not a 'prior separate prison term' and may not be used to enhance defendant's sentence." (94 Cal.App.3d at p. 866; original italics.)

The opinion in *Cole* does not disclose whether the defendant at the time he committed the assault with a deadly weapon was still on parole from the conspiracy and pimping convictions or the arson conviction or both, so we cannot be certain whether the question ruled upon was precisely the same as the question here presented. The question that apparently concerned the Court on Appeal was whether the defendant's original arson conviction constituted a "prior separate prison term" in view of the fact that the defendant received a new commitment to prison for the conspiracy and pimping conviction along with the revocation of his parole on the arson conviction. Assuming that the defendant was not still on parole with respect to the arson conviction at the time he committed the assault with a deadly weapon, it seems to us that the question posed by the *Cole* case was whether the defendant's prior convictions and terms of imprisonment constituted two prior separate prison terms within the meaning of the statute, not whether one prior separate prison term existed. If the defendant in *Cole* was not still on parole from the arson charge at the time he committed the assault with a deadly weapon, we think there can be no question but that the sentence served by him on the arson charge constituted a "prior separate prison term," making a one-year enhancement appropriate. At oral argument, counsel for defendant candidly indicated that his analysis of the *Cole* decision led him to the same conclusion.

The immediate cause for the mistake of the *Cole* court appears to be its conclusion that, since a "prior separate prison term" includes any reimprisonment on revocation of parole which is *not* accompanied by a new commitment to prison, a reimprisonment upon revocation of parole that *is* accompanied by a new commitment precludes the term served on the original conviction from constituting a "prior separate prison term." That is a non sequitur; that is not what subdivision (g) says. Subdivision (g) says that reimprisonment on parole which is not accompanied by a new commitment is *included* in the "prior separate prison term." The converse is that a reimprisonment upon revocation of parole which is accompanied by a new commitment to prison *is not included* in the "prior separate prison term." In other words, the subdivision simply directs when reimprisonment on revocation of parole is or is not to be included in the "prior separate prison term." Either event presupposes the existence of a "prior separate prison term."

■ Thus, as suggested by both the People and amicus, it is apparent that the Legislature placed the language "including any reimprisonment on revocation of parole which is not accompanied by a new commitment

to prison" into subdivision (g) to prevent any possibility of an overzealous prosecutor or an unperceptive judge attempting to treat the service of a single sentence to state prison interrupted by a period on parole as two prior separate prison terms, giving rise to two one-year enhancements. The Attorney General accurately summarizes subdivision (g) as follows: "A package of sentences, being served concurrently or consecutively, including any period of parole revocation, is all deemed to be one 'prior separate prison term.' However, subdivision (g) provides a specific exception where the parole revocation time is accompanied by a new commitment to state prison. In this situation, the revocation time is severed from the old term and the prisoner begins serving what will eventually become a new separate prior prison term" in the event he suffers a subsequent felony conviction for which he is sentenced to prison.

Defendant asserts that the statutory purpose suggested by the People and amicus is fully accomplished by the language in subdivision (g) "period of prison incarceration imposed for the particular offense alone." He argues that no one could interpret a "period of prison incarceration imposed for the particular offense alone" as constituting two prior separate prison terms. Of course, the complete statutory expression is "for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes." More importantly, the language to which defendant points refers to the prison term originally imposed and would not govern the question whether service of an additional period of time imposed on revocation of parole might constitute a second prior separate prison term. While we can readily agree with defendant that one would hardly expect the imposition of an additional term on revocation of parole without a new commitment to be treated as two prior separate prison terms, the Legislature apparently decided not to take any chances on the vagaries of judicial construction in respect to the resolution of that question.

Defendant's argument that any prison sentence he might receive on account of the present burglary charge is not subject to a one-year enhancement under subdivision (b) on account of his prior convictions and term of imprisonment concentrates on the word "completed" found in subdivision (g)'s definition of "prior separate prison term." His position is in essence that because his parole was revoked and he was recommitted to prison for an additional term upon revocation of parole, he is still serving the sentence imposed upon his prior burglary convictions and

thus, has not "completed" service of his prior prison sentence. We cannot agree.

In the first place, defendant's position is contrary to the express language of subdivision (g). Were the "including" language of subdivision (g) meant to have the effect for which defendant argues, there would have been no occasion for the Legislature to distinguish between a recommitment to prison upon revocation of parole accompanied by a new commitment and a reimprisonment on revocation of parole not accompanied by a new commitment. In either event, upon reimprisonment on revocation of parole service of the prior sentence would not have been completed and no one-year enhancement could be imposed. Obviously, the Legislature took great pains to distinguish between the two situations, and its having done so must be given significance. The interpretation suggested by the People and amicus does that; defendant's construction does not.

Further, defendant's argument ignores the word "continuous" immediately preceding the word "completed." █ It is fundamental that every word in the statute must be given meaning and effect if at all possible. (*People v. Gilbert,* 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580]; *Black Panther Party* v. *Kehoe,* 42 Cal.App.3d 645, 651 [117 Cal.Rptr. 106].) A term of imprisonment followed by a period on parole, followed by a revocation of parole and reimprisonment for an additional period can hardly be said to constitute "continuous" service of a sentence.

The truth is that section 667.5 does not define "a continuous completed period of prison incarceration." The best indication of what the Legislature meant by that expression is found, we believe, in section 3000 in which the Legislature speaks of the "expiration of a term of imprisonment" in contradistinction to release on parole and "completion of parole, or . . . the end of the maximum statutory period of parole." The language of section 3000 makes plain the legislative assumption that a term of imprisonment expires prior to release on parole. A term of imprisonment which has expired, has been "completed." █ We conclude, therefore, that a term of imprisonment is "completed" at the expiration of the stated term notwithstanding the undoubted legal truism that additional imprisonment on revocation of parole is referable to and in legal theory a part of an original term and notwithstanding that for purposes of determining how many prior separate prison terms a

convicted felon has suffered, reimprisonment upon revocation of parole not accompanied by a new commitment is "included" in the prior prison term. Here, of course, defendant's reimprisonment upon revocation of parole *would be* accompanied by a new commitment, and read literally, the statutory language indicates that reimprisonment on revocation of parole accompanied by a new commitment *is not included* in the prior prison term. Of course, such reimprisonment accompanied by a new commitment cannot itself serve as a separate prior prison term in the event of yet another felony conviction at a future time, because for these purposes it will be a sentence "in combination with...sentences for other crimes."

Our conclusions are reinforced by a consideration of the mischievous, even absurd, consequences that would flow from a contrary decision. (See, e.g., *County of San Diego* v. *Muniz,* 22 Cal.3d 29, 36 [148 Cal.Rptr. 584, 583 P.2d 109]; *In re Cregler,* 56 Cal.2d 308, 312 [14 Cal.Rptr. 289, 363 P.2d 305].) First, if defendant's position or the statutory interpretation indicated in *Cole* were accepted, the propriety of a trial court's enhancing the sentence imposed on a convicted felon on account of a "prior separate prison term" would turn on whether or not at the time of sentencing his parole had been revoked and he had been recommitted to prison. ■ The determination as to whether or not parole should be revoked and the parolee recommitted to prison is made by the Community Release Board in the exercise of its discretion. Frequently, no decision is made on those questions by the Community Release Board until after trial on the current charges. If parole were not revoked and reimprisonment ordered until after the imposition of sentence on the new conviction, a sentence enhancement proper at the time made would be rendered improper by the subsequent actions of the Community Release Board. In addition, if, as in the present case (see fn. 2, *ante*), the additional term imposed because of parole revocation were completed prior to conviction of the new charges, the prior prison term would have been "completed" prior to conviction of the new offense, and an enhancement to the sentence imposed on the new offense would appear proper. Obviously, the existence or nonexistence of a "prior separate prison term" and the propriety of enhancement of sentence ought not and were not intended to turn upon the irrelevant timing of these events, and a rule permitting the determination to turn upon such considerations would only invite manipulation.

Perhaps the most absurd result defendant's interpretation of the statute would produce is that one who faithfully obeyed the law while on

parole and successfully served his or her parole without revocation would have "completed" his or her prior prison term and would be subject to an enhancement of sentence if subsequently convicted of a felony; whereas one who committed another felony while on parole and whose parole was revoked on that account would not be subject to an enhancement of sentence with respect to the subsequent conviction. ▪ One of the primary purposes for the enactment of the determinate sentencing law and the entire legislative purpose in providing for enhanced sentences on account of prior convictions was to increase the penalties incurred by repeat offenders and thus, hopefully, deter recidivism. It is inconceivable that the Legislature intended to provide harsher treatment for a felon who has faithfully and successfully served his or her parole than for a felon who has committed yet another felony while on parole.

Defendant takes the position that precluding enhancement of sentence on a conviction of a new felony committed while on parole is not as absurd as it would seem. He urges that the legislative purpose behind the "including" language found in subdivision (g) of section 667.5 was to preclude what he perceives as "double punishment" of a felon for the commission of a felony while still on parole by the addition of one year to his original term on revocation of parole and the imposition of a one-year enhancement to the sentence on the new conviction. Defendant asserts that the Legislature must have intended parity of treatment for a parolee who commits a new felony while on parole and a felon who has successfully served parole and thereafter commits another felony. The latter, of course, is subject to a one-year enhancement of sentence but is not subject to reimprisonment on revocation of parole. In connection with this argument defendant calls to our attention that under subdivision (b)(4) of rule 421 of the California Rules of Court, the fact that the defendant was on parole when he committed the charged crime may be considered by the court as a circumstance in aggravation for sentencing purposes. This contention and these arguments do not withstand analysis.

In the first place, even if the previously discussed inconsistency between the language of subdivision (g) and defendant's proffered interpretation is ignored, we are not at all persuaded that the Legislature intended to afford parity of treatment to one who commits another felony while on parole from a prior felony conviction and who has successfully served his or her period of parole and thereafter is convicted of

another felony. The very rule of court referred to by defendant indicates that the commission of a felony while still on parole from a prior felony conviction is more reprehensible and more deserving of punishment than the commission of a felony following the successful completion of parole. Indeed, if the period of parole was completed more than five years earlier as to some subsequent felonies or more than ten years earlier as to others, no enhancement by virtue of a prior separate prison term is to be imposed at all. (See § 667.5, subds. (a) and (b).) Although the commission of a felony by one who has successfully completed parole is reprehensible, it constitutes but one wrong; the commission of a felony while still on parole constitutes two wrongs, each of which may be deserving of punishment.

Secondly, the choice posed by defendant is not the choice offered by the statutory scheme. It happens that the maximum period of reimprisonment upon revocation of parole *in the absence of a new conviction and commitment* is now 12 months. (§ 3057, subd. (a).) However, prior to its amendment in 1978 (Stats. 1978, ch. 582, § 4), the maximum period of reimprisonment upon revocation of parole in the absence of a new conviction and commitment was only six months. (See Stats. 1977, ch. 165, § 58.) It is not likely that the Legislature intended that a person who successfully completed his or her period of parole before committing a new felony should receive an enhancement of one year to his or her sentence on the new conviction, whereas a person who committed an additional felony while still on parole from a prior felony conviction could receive only six months additional imprisonment. Moreover, the decisions as to whether to revoke parole and as to the length of reimprisonment within the statutory limit upon revocation of parole are committed to the discretion of the Community Release Board. The imposition of a one-year enhancement on account of a "prior separate prison term" is mandatory unless the court finds mitigating circumstances and strikes the additional punishment for the enhancement. (§§ 667.5, subds. (a) and (b); 1170.1, subd. (g).) It is inconceivable that the Legislature would provide for a mandatory enhancement to the sentence of a person who committed a felony after having successfully completed parole on a prior felony conviction and at the same time specify only a discretionary period of reimprisonment of one-year maximum for a person who committed yet another felony while still on parole from a prior felony conviction.

Finally, the construction urged by the People and amicus accords with the contemporaneous administrative construction of the statute by

the Community Release Board. In a regulation promulgated pursuant to a grant of authority by the Legislature found in section 5076.2 the board defines "prior prison term" as follows: "'Prior prison term' is a prior felony conviction which resulted in a continuous completed period of prison incarceration imposed for the particular crime [alone][4] or in combination with sentences for other crimes or commitments (whether concurrent or consecutive) received before release on parole. *If the person was returned to prison to finish term, for a parole violation or with a new commitment for escape, the period will count as a single prison term. However, if the person was returned to prison with a new term, the new term will count as a second prior prison term, even if parole was incidentally revoked....*" (Cal. Admin. Code, tit. 15, § 2154, subd. (b)(2); italics added.)

■ "An administrative application of the language of an act is entitled to respect by the courts, and unless clearly erroneous is a significant factor to be considered in ascertaining the meaning of a statute." (*Mudd* v. *McColgan,* 30 Cal.2d 463, 470 [183 P.2d 10]; accord: *Wilkinson* v. *Workers' Comp. Appeals Bd.,* 19 Cal.3d 491, 501 [138 Cal.Rptr. 696, 564 P.2d 848]; *Rivera* v. *City of Fresno,* 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793].)

■ We conclude that under a proper construction of the statute, defendant has served a prior separate prison term within the meaning of subdivision (b) of Penal Code section 667.5. The order appealed from is reversed.

Gardner, P. J., and McDaniel, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 7, 1980. Bird, C. J., was of the opinion that the petition should be granted.

---

[4]In the official text of the Administrative Code the word "along" is found rather than the word "alone" which is obviously the word intended.