[Crim. No. 39749. Second Dist., Div. One. Feb. 16, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK ROJAS LOPEZ, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Russell I. Lynn and Richard Avila, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary R. Hahn and Richard B. Cullather, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DALSIMER, J.—Frank Rojas Lopez was charged by information with grand theft of a firearm (Pen. Code, § 487, subd. 3) and with having possession of a concealable firearm after having been convicted of a felony (Pen. Code, § 12021, subd. (a)). He was also charged with having suffered a prior felony conviction of grand theft in 1979 and a prior felony conviction of rape in 1975 and with having served prior separate prison terms therefor.

Appellant was convicted by plea of grand theft and was convicted by a jury of violation of Penal Code section 12021, subdivision (a). In separate verdicts, the jury found that "... the first prior felony conviction alleged in the Information for violation of Section 484/487.1 of the Penal Code" and "... the second prior felony conviction alleged in the Information for violation of Section 261.3 of the Penal Code" were true. At the sentencing hearing, appellant moved to strike the grand theft prior. Appellant's motion was denied. Appellant was sentenced to state prison on the grand theft count for the middle two-year term enhanced by one year for each of the prior separate prison terms. Sentence for possession of a concealable firearm by a convicted felon was stayed.

The uncontradicted evidence established that appellant was convicted of rape in 1975 and was sentenced to state prison. Commencing June 5, 1975 he served a term in prison therefor and was released on December 24, 1976. Appellant thereafter was convicted of grand theft and sentenced to state prison in 1979 for 16 months. He was received in prison March 1, 1979, and was paroled on January 13, 1980. During his parole, appellant committed the offenses that gave rise to the instant prosecution.

I

Appellant contends that his sentence should not have been enhanced as a result of the grand theft prior conviction because, as a

result of the revocation of parole, that prior prison term was not "completed," as is required by Penal Code section 667.5, subdivision (g). (All statutory references hereinafter are to the Penal Code.) Section 667.5, subdivision (g) provides: "A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, *including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison*, and including any reimprisonment after escape from such incarceration." (Italics added.)

In *People* v. *Espinoza* (1979) 99 Cal.App.3d 59 [159 Cal.Rptr. 894], the Court of Appeal construed the phrase "... continuous completed period of prison incarceration ..." as follows: "The best indication of what the Legislature meant by that expression is found ... in [Penal Code] section 3000 in which the Legislature speaks of the 'expiration of a term of imprisonment' in contradistinction to release on parole and 'completion of parole, or ... the end of the maximum statutory period of parole.' The language of section 3000 makes plain the legislative assumption that a term of imprisonment expires prior to release on parole.... [A] term of imprisonment is 'completed' at the expiration of the stated term notwithstanding the undoubted legal truism that additional imprisonment on revocation of parole is referable to and in legal theory a part of an original term and notwithstanding that for purposes of determining how many prior separate prison terms a convicted felon has suffered, reimprisonment upon revocation of parole not accompanied by a new commitment is 'included' in the prior prison term...." (*Id.*, at pp. 72-73; see *People* v. *Butler* (1980) 104 Cal.App.3d 868, 882-885 [162 Cal.Rptr. 913].)

This construction is consistent with the approach taken by the Board of Prison Terms. (Cal. Admin. Code, tit. 15, § 2154, subd. (b)(2).) A contrary interpretation would not only render meaningless the language "... which is not accompanied by a new commitment to prison ..." but, as recognized by the *Espinoza* court, would produce the anomalous result that a defendant who committed a felony while on parole would not be subject to enhancement for the prison term served although a defendant who successfully completed parole prior to commitment of a felony would be subject to enhancement for the prison term served. (*People* v. *Espinoza, supra*, 99 Cal.App.3d 59, 74.) Thus, under the terms of this statute, appellant served one continuous completed period

of prison incarceration commencing in 1975 and another continuous completed period of prison incarceration which commenced in 1979.

## II

In their supplemental briefs, the parties have addressed the issue whether the verdicts that the prior felony convictions alleged are true constitute sufficient findings both that the convictions were suffered and that prison terms were thereon served. Section 1158 specifies language which may be used in such special verdicts. Section 1158[1] provides: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction may be: 'We (or I) find the charge of previous conviction true' or 'We (or I) find the charge of previous conviction not true,' .... If more than one previous conviction is charged a separate finding must be made as to each."

The adequacy of a finding substantially in the language of section 1158 was upheld in *People* v. *McKinley* (1934) 2 Cal.2d 133 [39 P.2d 411]. While not specifically mentioning section 1158, the California Supreme Court held in *McKinley* that a finding that a defendant suffered the prior conviction charged was a sufficient finding to subject the defendant to the term prescribed under former section 667, a predecessor statute to section 667.5,[2] although former section 667 required that a prior prison term have been served on the prior conviction in order to subject a defendant to the increased penalties of that section. The court stated, "The verdict as to each count found the defendant guilty of the particular offense after prior conviction of a felony *as charged in the information.* The judgment as to each count recited that the defendant had been found guilty of petty theft after prior conviction of a felony .... There is no necessity for the further statement in the judgment that the defendant had served time for a prior felony, when, as here, the fact was charged, proved and found by the jury, in order to subject him

---

[1]Section 1158 was enacted in 1872. Since its amendment in 1880, it has provided for the same form of jury verdict as at present. In 1951, it was amended to extend its provisions to findings by the court and to require separate findings as to each prior conviction.

[2]Statutes 1976, chapter 1139, repealed section 667 and enacted section 667.5.

to the term prescribed by section 667 of the Penal Code." (*Id.*, at pp. 135-136, italics added; also see *In re Tartar* (1959) 52 Cal.2d 250, 257 [339 P.2d 553].)

In *People* v. *Williamson* (1979) 90 Cal.App.3d 164 [153 Cal.Rptr. 48], a defendant challenged as insufficient the trial court's findings that the priors alleged under section 667.5 were true, because the court failed to state in its findings that the priors resulted in prison terms. Noting that the allegations of the priors in the information charged the defendant with having served separate prison terms for each prior conviction alleged, the Court of Appeal held that ". . . the brevity of the true finding . . ." was authorized by section 1158 and was without error. (*Id.*, at pp. 168-170.)

In the present case, the jury verdicts on the priors were substantially in the language authorized by section 1158. Since the information charged that separate prior prison terms were served for each of the prior convictions alleged and the jury was properly instructed with regard thereto, existing authority justifies the conclusion that the jury verdicts were sufficient. A requirement of a finding whether a prior separate prison term was served for each conviction alleged would be a clearer indication that the jury considered the issue and found such prison term to have been served. We urge the Legislature to amend section 1158 to provide such a requirement.

The judgment is affirmed.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.