Filed 7/10/14  P. v. Taylor CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B249676 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA085093) |
| v. | |
| LARRON L. TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Stan Blumenfeld, Judge.  Affirmed as modified.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, David Zarmi, and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Larron L. Taylor (defendant) was convicted of burglary (Pen. Code, § 459[1]) and attempted burglary (§§ 459 and 664). On appeal, defendant contends that he did not waive his federal and state constitutional rights to a jury trial in a bifurcated proceeding on the allegations of his prior prison terms, and therefore he is entitled to a jury trial on them; and the abstract of judgment should be corrected to reflect his entitlement to additional days of custody credit and that his presentence custody credits were calculated pursuant to section 4019. The Attorney General contends that the abstract of judgment should be amended to reflect that a criminal conviction assessment and a security fee was imposed on defendant for each of his two convictions.

We order that defendant's abstract of judgment be corrected to provide that he is entitled to additional presentence custody credits calculated pursuant to section 4019; and that a criminal conviction assessment and a security fee was imposed on defendant for each of his two convictions. We otherwise affirm the judgment.

# PROCEDURAL BACKGROUND[2]

The District Attorney of Los Angeles County filed an information charging defendant with burglary in violation of section 459 (count 1), attempted burglary in violation of sections 459 and 664 (count 2), and receiving stolen property in violation of section 496, subdivision (a) (count 3). The District Attorney alleged that defendant had one prior "strike" conviction [an April 20, 2007, conviction for burglary pursuant to section 459, case number GA064535, for which he was sentenced on September 20, 2007, (burglary conviction)] in violation of sections 667, subdivisions (b)-(i), and 1170.12, subdivisions (a)-(d); the prior "strike" conviction was a prior serious felony as defined by section 667, subdivision (a)(1); and defendant served two prior prison terms

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

[2]     We do not provide a statement of the facts because it is not necessary for the issues on appeal.

[for his September 20, 2007, concurrent sentencing on the burglary conviction and on a November 12, 2003, conviction for carrying a loaded firearm in public pursuant to former section § 12031, case number TA072381 (carrying a loaded firearm conviction)] in violation of section 667.5, subdivision (b).

Following a jury trial, the jury found defendant guilty of counts 1 and 2. Count 3 was dismissed by the prosecutor. In a bench trial, the trial court found the priors allegations to be true.

The trial court sentenced defendant to state prison for a term of 15 years four months, consisting of a term of four years for count 1, doubled as a second strike, plus five years for the prior serious conviction enhancement and one year for one of the prior prison sentence enhancements; and eight months for count 2, doubled as a second strike.

The trial court ordered defendant to pay a $40 court security fee for each count, or $80; a $30 criminal conviction assessment for each count, or $60;[3] a $220 restitution fine; and a $220 parole revocation fine which was stayed. The trial court awarded defendant 658 days of custody credit consisting of 549 days of actual custody credit and 109 days of conduct credit.

## DISCUSSION

### A.      Waiver of Right to Jury Trial on Prior Prison Term Allegations

Defendant contends that he had federal and state constitutional rights to a jury trial in a bifurcated proceeding on the allegations of his prior prison terms, he did not waive

---

[3]      The trial court imposed a criminal conviction assessment and security fee for each conviction, but the abstract of judgment records only a single assessment and fee. As discussed below, we order that the trial court correct the abstract of judgment to reflect its oral pronouncement.

his right to a jury trial on those allegations, and he is therefore entitled to a jury trial on them.[4] We disagree.

### 1. Background Facts

The District Attorney of Los Angeles County alleged in defendant's information that defendant had one prior strike conviction (the burglary conviction) which was also a prior serious felony, and he served two prior prison terms (for the burglary conviction and for the carrying a loaded firearm conviction).

At a May 6, 2013, pre-trial hearing, the prosecutor informed the trial court that she had "provided counsel with priors" in connection with the prosecutor's intention to admit evidence during the trial in the case-in-chief pursuant to Evidence Code section 1101, subsection (b). The following exchange subsequently occurred at the hearing: "[Defendant's counsel:] [W]ill there be a bifurcation as to the prior[?] [¶] [Trial court:] That is one of the issues I did want to address tomorrow. Do you have any sense as to whether or not your client is going to waive jury as to the bifurcation? I am ordering bifurcation, obviously. [¶] [Defendant's counsel:] Right. I always encourage my clients to waive that issue to the court, and 90 percent of the time that is what happens. . . . I usually recommend that because basically it just is a very technical issue so I don't foresee any problems with it. [¶] [Trial court:] All right. I'll address that with [defendant] tomorrow. [¶] . . . [¶] I assume the People are willing to waive jury with regard to the bifurcated issue of his prior strike offense? [¶] [Prosecutor:] Yes, Your Honor."

On May 7, 2013, the defendant was present for trial, and the trial court stated, "One of the issues that we discussed briefly yesterday, [defendant], was the issue of bifurcating these proceedings, which we are going to do, which means that there will be a bifurcated trial so that you'll have your trial on the three charges in the first phase. The People also have alleged that you suffered a prior conviction, I believe a prior residential

---

**4** Defendant does not contend that there was insufficient evidence to support the trial court's finding that defendant served the prior prison terms.

burglary. . . . [¶] . . . [¶] That will get tried in the second phase. The question though is whether you want a jury trial for that second phase or whether you would agree to have me try just that limited issue as to whether you suffered the previous conviction." Defendant's counsel stated that he had not yet spoken to defendant about the matter, and the trial court asked them to do so and make a decision soon.

Immediately after a recess on May 7, 2013, the following exchange occurred: "[Trial court:] [H]as your client had an opportunity to consider the issue of the bifurcated trial? [¶] [Defendant's counsel:] Yes, Your Honor. [¶] [Trial court:] And [defendant], are you agreeable to have the court try that issue or do you wish to have the jury try that issue? [¶] [Defendant:] The court, Your Honor. [¶] [Trial court:] And you understand that you have the right to have a jury trial of that issue and you understand that by agreeing to have the court do so that you're waiving your right? [¶] [Defendant:] Yes, sir." Defendant stated that "this" is something that is in his best interests, and counsel joined in defendant's comments. The trial court then stated that defendant made a knowing, intelligent, and voluntary waiver of a jury trial on "the issue."

On May 9, 2013, following the jury's verdicts for the crimes charged, the trial court asked defendant's counsel if defendant wanted the prosecutor to try to prove "the prior conviction" to the court, and defendant's counsel responded, "Yes." The trial court announced that defendant "waived his right to a jury trial with respect to the prior which is alleged in the information. We will now conduct the court trial of that prior allegation." The trial court asked if the prosecutor was ready to proceed, and she responded that she was ready but advised the trial court that there was a typographical error contained in the information regarding the case number for one of the prior prison term allegations. The trial court corrected the error by interlineation and asked defendant's counsel if he was ready to proceed. Defendant's counsel responded, "Yes."

The prosecutor called Connie Torres as the witness who ordered a "priors packet" from the Department of Justice regarding defendant. According to Torres, a "prior packet is usually when a defendant goes into state prison. I order from the Department of Justice and it states what [the defendant] was convicted of, [and] what [the defendant]

5

was given as a sentence." Defendant's priors packet was for the burglary conviction and the carrying a loaded firearm conviction, stated that defendant was concurrently sentenced on those cases on September 20, 2007, and included "a chronological history of the time that [defendant] was in prison." The trial court asked defendant's counsel if he had any questions for Torres, and he responded, "Submitted." The priors packet was admitted into evidence without objection by defendant. The trial court reviewed the priors packet and asked both the prosecutor and defendant's counsel if they wished to be heard, and both counsel responded, "Submitted." The trial court stated, "[T]he court finds that there is sufficient evidence . . . that the defendant, indeed, suffered the prior convictions as alleged in the information . . ., so the court as a fact finder finds those allegations to be true." Defendant's counsel did not object to the trial court's findings, and agreed to the trial court's proposed date for a sentencing hearing.

At the sentencing hearing, the trial court summarized its prior findings, stating, "The court found to be true the special allegations that the defendant was convicted on or about September 20 of 2007 for a residential burglary and also was sentenced on or about the same date for firearm possession . . . in a separate case, case TA072381." The trial court sentenced defendant on counts 1 and 2, the prison terms for which were doubled as second strike convictions. The trial court continued, "In addition, the defendant has previously suffered a prior strike conviction which will subject him to an additional and consecutive sentence of five years pursuant to . . . section 667 subsection (a), and also additional and consecutive sentence for the TA case of one year pursuant to . . . section 667.5 subsection (b)." Defendant did not object to the sentence enhancements.

2. *Analysis*

Constitutional rights to jury trial and the requirement of proof beyond a reasonable doubt do not apply to the aggravating fact of a prior conviction. (*Almendarez-Torres v. United States* (1998) 523 U.S. 224, 239-244 (*Almendarez-Torres*) ["[R]ecidivism . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"].) The United States Supreme Court held that under the Sixth

6

Amendment to the United States Constitution, however, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*).) As recently as 2008, the California Supreme Court stated that, "We . . . have rejected a narrow or literal application of the high court's reference to 'the fact of a prior conviction.'" (*People v. Towne* (2008) 44 Cal.4th 63, 79 (*Towne*).)

Section 667.5, subdivision (b) provides that the sentence imposed on any person convicted of a felony must be enhanced by one year for each prior prison term alleged and proven by the prosecution. There is a limited statutory jury trial right with regard to such a charged enhancement. (See §§ 1025 and 1158; *People v. Mosby* (2004) 33 Cal.4th 353, 360; *People v. Vera* (1997) 15 Cal.4th 269, 276, abrogated on another point in *Apprendi*, *supra*, 530 U.S. 466; *People v. Thomas* (2001) 91 Cal.App.4th 212, 223.) In *People v. Thomas*, *supra*, 91 Cal.App.4th 212, defendant's counsel waived defendant's right to a jury trial on the issue of his two prior prison term enhancement allegations. In *People v. Thomas*, we stated, "Recognizing the controlling nature of *Apprendi*, [the] defendant reasons that a prior prison term allegation involves more elements than the mere 'fact of a prior conviction.' [The d]efendant correctly notes that a section 667.5 enhancement requires more than a mere conviction. The accused must have served a prison term as defined in the statute. [Citations.] Therefore, defendant contends that all of the other elements of a prior prison term enhancement beyond the mere fact of the conviction are subject to a jury trial right under the due process clause of the Fourteenth Amendment. As a corollary of that argument, defendant argues that since he never personally waived his jury trial right, he is entitled to a new trial on the two prior prison term enhancement allegations." (*Id*. at 216.) Disagreeing with the defendant's contentions (*ibid*), we stated, "*Apprendi* did not overrule *Almendarez-Torres*. The language relied upon by defendant in *Apprendi*, '[o]ther than the fact of a prior conviction,' refers broadly to recidivism enhancements which include section 667.5 prior prison term allegations. Notably, the recidivism enhancement in *Almendarez-Torres* had

7

elements apart from the mere fact of a prior conviction [i.e., whether defendant committed specific enumerated felonies]. . . . *Apprendi* does not stand for the proposition that full due process treatment should have been accorded to the two prior prison term enhancement allegations. No federal constitutional violation occurred because defense counsel waived defendant's state statutory right to a jury trial." (*Id.* at p. 223.) The California Supreme Court has repeatedly cited *People v. Thomas*, *supra*, 91 Cal.App.4th 212 with approval. (See, e.g., *Towne*, *supra*, 44 Cal.4th at pp. 79-80; see also *People v. Black* (2007) 41 Cal.4th 799, 819, overruled on other grounds as stated in *Martinez v. Campbell* (E.D.Cal. February 18, 2009, No. 2:06-cv-00831 ALA (HC)) 2009 U.S. Dist. LEXIS 124092; *People v. McGee* (2006) 38 Cal.4th 682, 700-701.)

"Both we and the United States Supreme Court have confirmed that the 'prior conviction' exception extends beyond the bare 'fact' that such a conviction occurred, and permits the sentencing court, without a jury, to determine related issues about a prior conviction's relevance to the recidivist sentencing scheme, when those issues primarily involve either legal questions of a kind typically decided by judges, or factual matters that may be conclusively determined by examination of the official court record in the prior case. (See, e.g., *Shepard v. United States* (2005) 544 U.S. 13, 16, 26 [161 L.Ed.2d 205, 125 S. Ct. 1254] [sentencing court may examine statutory definition of prior charge, as well as official court records in prior case that conclusively establish elements therein adjudicated, to determine if nature of prior conviction qualifies it as basis for increasing current sentence]; *People v. McGee* (2006) 38 Cal.4th 682, 708-709 [42 Cal.Rptr.3d 899, 133 P.3d 1054] [under *Apprendi*, *supra*, 530 U.S. 466, sentencing court, not jury, determines from court records in prior case whether it qualifies for use under recidivist sentencing scheme]; [*People v.*] *Black, supra,* 41 Cal.4th [at pp.] 818-820 [overruled on other grounds as stated in *Martinez v. Campbell* (E.D. Cal. Feb. 18, 2009, 2:06-cv-00831 ALA) 2009 U.S. Dist. LEXIS 124092, *32] [court, not jury, decides from court records whether prior convictions are numerous and of increasing seriousness]; [] *Towne*[, *supra*,] 44 Cal.4th at pp. 72-83 [78 Cal.Rptr.3d 530, 186 P.3d 10] . . . [court, not jury, may determine from records of prior convictions whether defendant served prior prison

8

terms, committed the current offense while on parole, or has performed poorly on parole or probation].)" (*People v. Nguyen* (2009) 46 Cal.4th 1007, 1018, fn. 9.)

Citing *Descamps v. United States* (2013) 570 U.S. __ [133 S.Ct. 2276] (*Descamps*); *Shepard v. United States*, *supra*, 544 U.S. 13; *Blakely v. Washington* (2004) 542 U.S. 296; and *Jones v. United States* (1999) 526 U.S. 227, defendant contends that California case law has, in effect, been overturned and that a jury trial is now a constitutional requirement for prior prison term enhancements. Preliminarily, this court is bound by the California Supreme Court's decisions under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455. Only *Descamps*, *supra*, 570 U.S. __ [133 S.Ct. 2276], post-dates our Supreme Court's holding on the issue most recently expressed in *People v. Towne*, *supra*, 44 Cal.4th 63.

*Descamps*, *supra*, 570 U.S. __ [133 S.Ct. 2276] is inapposite. In that case, the defendant faced a 15-year minimum sentence based on the finding of a prior conviction under California law for burglary. The federal district court had to determine at sentencing if the defendant's California conviction fell under the federal definition of burglary and looked to facts set forth in the transcript of his plea colloquy. At the plea hearing, the prosecutor had proffered that the crime involved the breaking and entering of a grocery store, and the defendant failed to object to that statement. (*Id*. at p. 2282.) The United States Supreme Court rejected this factfinding as a violation of the Sixth Amendment to the United States Constitution under *Apprendi*, *supra*, 530 U.S. 466, holding that a sentencing court's factfinding "would (at the least) raise serious Sixth Amendment concerns if it . . . allow[ed] a sentencing court to 'make a disputed' determination 'about what the defendant and state judge must have understood as the factual basis of the prior plea.'" (*Id*. at p. 2288.)

In contending that California case law has, in effect, been overturned and that a jury trial is now a constitutional requirement for prior prison term enhancements, defendant also relies on *People v. Wilson* (2013) 219 Cal.App.4th 500. It too is inapposite. In that case, as in *Descamps*, *supra*, 570 U.S. __ [133 S.Ct. 2276], the trial court had to resolve a factual dispute before it could determine that a prior conviction

9

enhanced defendant's sentence. The court stated, "[W]e hold that the Sixth Amendment under *Apprendi* precluded the court from finding the facts—here in dispute—required to prove a strike prior based on the gross vehicular manslaughter offense. Like the court that sentenced Descamps, the trial court looked beyond the facts necessarily implied by the elements of the prior conviction. . . . [T]he record shows [the defendant] explicitly contested the key fact at issue—whether [the victim in the prior conviction case] grabbed the steering wheel. To resolve the issue, the sentencing court was necessarily required to weigh the credibility of various witnesses and statements. The trial court could not have increased [the defendant's] sentence without '"mak[ing] a disputed" determination' of fact—a task the United States Supreme Court specifically counseled against. (*Descamps*, *supra*, 570 U.S. at p. __ [133 S.Ct. at p. 2288].) [¶] We need not consider here whether the broader application of *Apprendi* and *Descamps* to California's sentence enhancement scheme would leave intact the kinds of findings—e.g., those not concerning the facts of a defendant's prior conduct—heretofore endorsed under California law. We hold only that federal law prohibits what [*People v.*] *McGee*[, *supra*, 38 Cal.4th 682] already proscribed: A court may not impose a sentence above the statutory maximum based on disputed facts about prior conduct not admitted by the defendant or implied by the elements of the offense." (*People v. Wilson*, *supra*, 219 Cal.App.4th at p. 515-516, fn. omitted.)

In contrast to *Descamps*, *supra*, 570 U.S. __ [133 S.Ct. 2276] and *People v. Wilson*, *supra*, 219 Cal.App.4th 500, the issue here is of a type of finding that have long been an exception under *Apprendi, supra,* 530 U.S. 466—the mere existence of the prior conviction and the "legal questions of a kind typically decided by judges, or factual matters that may be conclusively determined by examination of the official court record in the prior case." (*People v. Nguyen*, *supra*, 46 Cal.4th at p. 1018, fn. 9.) No federal constitutional violation occurred; defendant had a statutory right to a jury trial on the prior prison term enhancements. (*People v. Thomas*, *supra*, 91 Cal.App.4th at p. 223.)

Defendant personally and expressly waived only his right to a jury trial on the allegation of his "prior strike offense;" the record does not disclose that he personally and

10

expressly waived his statutory right to a jury trial on the allegations of his prior prison terms. It is arguable that the trial court's true finding regarding defendant's prior strike conviction constituted a sufficient finding both that the conviction was suffered and that a prison term was served for that conviction. In *People v. Lopez* (1982) 128 Cal.App.3d 803, a jury trial occurred on the enhancement allegations of defendant's prior convictions and prior prison terms. The jury found true the prior convictions, but did not make express findings whether defendant served the prison terms for those convictions. (*Id*. at pp. 805-806.) In holding that the jury's verdicts that the prior felony convictions alleged were true constituted sufficient findings both that the convictions were suffered and that prison terms were served on the convictions, the court stated that, "Since the information charged that separate prior prison terms were served for each of the prior convictions alleged and the jury was properly instructed with regard thereto, existing authority justifies the conclusion that the jury verdicts were sufficient. A requirement of a finding whether a prior separate prison term was served for each conviction alleged would be a clearer indication that the jury considered the issue and found such prison term to have been served. We urge the Legislature to amend section 1158 to provide such a requirement." (*Id.* at p. 808.) Similarly, here, the trial court found true defendant's prior strike conviction, and therefore, that finding may constitute sufficient findings both that the conviction was suffered and a prison term was served thereon.

In addition, although defendant did not personally and expressly waive his statutory right to a jury trial on the allegations of his prior prison terms, because a violation of the right to a jury trial on a prior prison term enhancement allegation in a bifurcated proceeding implicates only a statutory right, defendant, need not personally and expressly waive his right to jury trial. (*People v. French* (2008) 43 Cal.4th 36, 46; *People v. Thomas*, *supra*, 91 Cal.App.4th at p. 215.) Defendant implicitly waived his statutory right to a jury trial. The prosecutor initially told the trial court, in defendant's presence, that she had provided counsel with "priors" (i.e., in the plural, presumably referring to both the burglary conviction and the carrying a loaded firearm conviction). Before the commencement of the bench trial on the prior convictions, the prosecutor

11

asked the trial court to correct one of the prior prison sentence allegations, without any indication from defendant or his counsel that the bench trial was limited to the prior strike conviction. Defense counsel, after hearing Torres testify about the priors packet, which included both the burglary conviction and the carrying a loaded firearm conviction, had no questions on cross-examination of Torres and no objections to the introduction of the evidence.

Even if defendant did not waive his right to a jury trial on the allegations of his prior prison terms, he forfeited his contention that he did not waive his right to a jury trial. A defendant is not precluded from raising for the first time on appeal a claim asserting the deprivation of certain fundamental, constitutional rights. (*People v. Vera*, *supra*, 15 Cal.4th at pp. 276-277.) But, because defendant's purported failure to waive a jury trial on his prior prison term enhancement allegations implicates only a statutory right, "[a]bsent an objection to the discharge of the jury or commencement of court trial, defendant is precluded from asserting on appeal a claim of ineffectual waiver of the statutory right to jury trial . . . ." (*Id*. at p. 278.) Defendant did not object to the discharge of the jury in a bifurcated proceeding, object to the introduction of evidence regarding his prior prison terms, or otherwise indicate any desire to have a jury trial on the allegations of his prior prison terms. He thus forfeited any right he had to invoke those rights.

### B.     Presentence Custody Credits

Defendant contends, and the Attorney General agrees, that the abstract of judgment be corrected to reflect defendant is entitled to 1,096 days of presentence custody credits instead of 658 days. We agree.

The trial court awarded defendant 658 days of custody credit consisting of 549 days of actual custody credit and 109 days of conduct credit. First the trial court miscalculated defendant's actual days in custody at 549 instead of 548.

Second, the trial court miscalculated defendant's conduct credit. The version of section 4019 applicable to defendant's sentence (defendant committed his offenses on

12

December 20, 2011), granted two days of conduct credit for every two days in actual custody. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 49-50.) The trial court therefore should have awarded defendant 1,096 days of custody credit consisting of 548 days of actual custody credit and 548 days of conduct credit.

Defendant contends, and the Attorney General does not disagree, that the abstract of judgment should be amended to reflect that defendant's presentence custody credits were calculated pursuant to section 4019 instead of section 2933.1, the box for which is checked on the current abstract of judgment. We agree. Section 2933.1 applies if defendant had been convicted of a violent felony, but he was not.

The Attorney General contends, and defendant agrees, that the abstract of judgment should be amended to reflect that a criminal conviction assessment and a security fee be imposed on defendant for each of his two convictions. The abstract of judgment reflects only a single criminal conviction assessment and a security fee, but the trial court's oral pronouncement properly imposed on defendant a criminal conviction assessment and a security fee "for each count" on which defendant was convicted. (*People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3; *People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 5.)

"[A] trial court's oral sentence governs if it is different from what appears in a minute order or an abstract of judgment [citations]." (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1221; *People v. Walz* (2008) 160 Cal.App.4th 1364, 1367, fn. 3.) Accordingly, the abstract of judgment should be corrected to reflect the trial court's oral pronouncement that a criminal conviction assessment and a security fee shall be imposed on defendant "for each count" upon which defendant was convicted.

13

## DISPOSITION

Defendant's abstract of judgment is to be corrected to (1) provide that he is entitled to 1,096 days of custody credit consisting of 548 days of actual custody credit and 548 days of conduct credit; (2) provide that defendant's presentence custody credits were calculated pursuant to section 4019 instead of section 2933.1; and (3) reflect the trial court's oral pronouncement that a criminal conviction assessment and a security fee shall be imposed on defendant for each count upon which defendant was convicted. The trial court shall forward the amended abstract of judgment to the Department of Corrections and Rehabilitation. We otherwise affirm the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


TURNER, P. J.


KRIEGLER, J.

14