[Crim. No. 4824. Fourth Dist., Div. Two. Oct. 4, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
HERMAN DORSEY, Defendant and Appellant.

COUNSEL

John F. Ingro for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James, Assistant Attorney General, Jay D. Coulter, Yvonne H. Behart and Mark L. Christiansen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GARDNER, P. J.**—After a fatal family altercation, the defendant was convicted of second degree murder and assault with a deadly weapon. The jury also found to be true the allegation of the use of a firearm. (Pen. Code,

§ 12022.5.)[1] At sentencing, the trial court expressed itself as being disposed to dismiss the use of a firearm allegation because of defendant's good background but held that it lacked the authority to do so.

On appeal, defendant makes no attack on the judgment of conviction which therefore must stand. The sole issue presented is whether or not the court had the power to dismiss the use of a firearm allegation under Penal Code, section 1385,[2] for the purpose of sentencing.

While this is an issue of first impression, we are not sailing into entirely uncharted waters. Four cases give us guidance.

In *People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241], the court approved the striking of an admitted prior under Penal Code, section 1385, for the purpose of sentencing. The court further held, "The authority to dismiss the whole includes, of course, the power to dismiss or 'strike out' a part." (*People* v. *Burke, supra,* at p. 51.)

In *People* v. *Superior Court (Howard),* 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], the court approved the dismissal under Penal Code, section 1385, of the entire charge after a guilty verdict. The court stated, "In our opinion, the standard of furtherance of justice will best be served if we recognize discretion in the trial judge, who viewed the witnesses and heard the conflicting testimony, to dismiss on the basis of the reasons he has set forth [interest of justice] rather than severely limit such discretion to cases where the evidence is insufficient as a matter of law." (*People* v. *Superior Court (Howard), supra,* at p. 505.)

In *People* v. *Superior Court (Mowry),* 20 Cal.App.3d 684 [97 Cal. Rptr. 886], the court approved the dismissal of an entire charge in a case in which the defendant had already been sentenced to prison on a similar charge. The court stated that the trial court could take into consideration

---

[1]Penal Code, section 12022.5, provides in pertinent part:

"Any person who uses a firearm in the commission or attempted commission of . . . murder . . . upon conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

". . . . . . . . . . . . . .

"This section shall apply even in those cases where the use of a weapon is an element of the offense." (Pen. Code, § 12022.5.)

[2]Penal Code, section 1385, provides in pertinent part: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

its own sentencing practices and conclude that a conviction would only result in a concurrent sentence.

In *People* v. *Flores,* 6 Cal.3d 305 [98 Cal.Rptr. 822, 491 P.2d 406], a plea bargain was approved which avoided entirely the effect of Penal Code, section 12022.5, even though the facts stated in open court by the defendant led to no other conclusion but that a firearm had been used in the commission of the offense.

Thus we have had approval of the striking of an admitted prior for sentencing purposes (*Burke*), of an entire charge after a guilty verdict (*Howard*), an entire charge to avoid an unnecessary trial which would presumably only result in a concurrent sentence (*Mowry*), and the complete avoidance of the provisions of Penal Code, section 12022.5, in a plea bargain situation (*Flores*). The distinction between these situations and the instant one in which the court desires, as part of its sentencing responsibility, to dismiss a use of a firearm allegation strikes us as a distinction without a difference.

■ While the power to define crimes and fix penalties is vested exclusively in the legislative branch (*Keeler* v. *Superior Court,* 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]), the imposition of sentence and the exercise of sentencing discretion are fundamentally and inherently judicial functions (*People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]).

Mandatory, arbitrary or rigid sentencing procedures invariably lead to unjust results. Society receives maximum protection when the penalty, treatment or disposition of the offender is tailored to the individual case. Only the trial judge has the knowledge, ability and tools at hand to properly individualize the treatment of the offender. Subject always to legislative control and appellate review, trial courts should be afforded maximum leeway in fitting the punishment to the offender.

■ Our holding in this case means simply that if the trial judge after hearing the case and reading the probation report feels that society needs the protection of the mandatory additional five years' incarceration provided for under Penal Code, section 12022.5, that court may allow the finding under that section to stand. If, however, the trial court finds that allowing such a finding to stand would be counter-productive to the eventual rehabilitation of the defendant and that such additional incarceration is neither necessary nor desirable in the handling of that particular offender, that court can strike the finding. We can see no social, moral or legal impediment in the striking of such an allegation in a proper case.

If the Legislature intends that the provisions of Penal Code, section 12022.5, not be subject to dismissal, it could and should so indicate.

The Attorney General complains that the motion to strike was made by the defendant and that there is no provision for the defendant to make such a motion under Penal Code, section 1385. This is true.[3] However, the court should have the opportunity, under the facts of this case, to order the dismissal on its own motion if to do so would be in furtherance of justice. When, or if, this is done, it must be done in furtherance of justice and the reasons for the dismissal set forth in the minutes of the court thus subjecting the trial court's actions to appropriate appellate review. (Pen. Code, § 1385; *People* v. *Superior Court (Howard), supra,* 69 Cal.2d 491; *People* v. *Ritchie,* 17 Cal.App.3d 1098 [95 Cal.Rptr. 462]; *People* v. *Beasley,* 5 Cal.App.3d 617 [85 Cal.Rptr. 501]; *People* v. *Curtiss,* 4 Cal. App.3d 123 [84 Cal.Rptr. 106].)

■ The Attorney General further complains that the "furtherance of justice" concept does not apply to a factual situation involving sentencing procedures and that the grounds expressed by the court in this case, i.e., the defendant's previous exemplary background, do not constitute "furtherance of justice." In response, we would merely state that one of the most awesome responsibilities of the trial judge in the administration of justice is the power and duty to sentence convicted criminals. Wherever possible, doubts should be resolved in favor of granting to that court full exercise of discretion in this field—subject always to legislative control and appellate review. It is difficult to conceive of a situation which meets the rather nebulous test of "furtherance of justice" more completely than one in which the trial judge, as in the instant case, must decide whether a five or ten-year minimum sentence is the proper sentence for an adequate rehabilitative program for a particular defendant.

Defendant's contention that the recent cases of *People* v. *Navarro,* 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481]; *Esteybar* v. *Municipal Court,* 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140]; *People* v. *Tenorio, supra,* 3 Cal.3d 89; and *People* v. *Clay,* 18 Cal.App.3d 964 [96 Cal.Rptr. 213], are authority for his position is misplaced. Each of these cases specifically dealt with a situation which demanded concurrence of the district attorney in judicial action which involved the exercise of judicial power. In each case the particular statute was held to be in violation of the doctrine of separation of powers because of the necessity of concurrence by the executive branch of the government in a matter involving

---

[3]In *People* v. *Burke, supra,* 47 Cal.2d 45, defense counsel requested that the court strike the prior. Nevertheless, the striking was approved on appeal as within the power of the trial court under Penal Code, section 1385.

the exercise of judicial power. No consent of the district attorney is involved in dismissals under Penal Code, section 1385. Therefore, except that those cases indicate the desirability of placing broad discretion in the hands of the court in sentencing matters, they do not stand as authority for the present proposition.

Judgment of conviction affirmed; case remanded to trial court for resentencing.

Gabbert, J., and Kaufman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 29, 1972.