[Crim. No. 30577. Second Dist., Div. Five. Aug. 30, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE SOLORZANO, Defendant and Appellant.

COUNSEL

Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Martin Stein and Marla B. Kraus, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Jack T. Terry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KAUS, P. J.**—Defendant was found guilty of violations of Health and Safety Code section 11352, subdivision (a) (count 1), and 11351 (count 2). With respect to each count the jury found that more than one-half ounce of a substance containing heroin was involved. Probation was denied and defendant appeals.

Defendant's first three arguments are directed to the conviction on count 2. Since the Attorney General concedes one of defendant's points—that within the factual context of this case count 2 "is a lesser included offense to count 1"—defendant's other arguments relating to count 2 become irrelevant.

The Attorney General also concurs in defendant's final claim that a minute order granting him only 26 days credit under section 2900.5 is in error and that the correct figure should be 36.

This leaves for consideration defendant's main argument that section 1203.07, subdivision (a)(2), of the Penal Code is unconstitutional.

Defendant attacks section 1203.07 on a broad front:

(1) He claims that it violates the doctrine of separation of powers. (See *People* v. *Tenorio* (1970) 3 Cal.3d 89, 93-95 [89 Cal.Rptr. 249, 473 P.2d 993].) This argument is hard to follow in the light of *People* v. *Navarro* (1972) 7 Cal.3d 248, 258 [102 Cal.Rptr. 137, 497 P.2d 481]: "Defining offenses and prescribing punishments (mandatory or alternative choices) are legislative functions designed to achieve legitimate legislative goals and objectives." *Navarro* approves what was said in *People* v. *Sidener* (1962) 58 Cal.2d 645, 654 [25 Cal.Rptr. 697, 375 P.2d 641]: " 'It bears reiteration that the Legislature, of course, *by general laws* can control eligibility for probation, parole and the term of imprisonment, . . .' " (*Id.,* p. 259.)

*People* v. *Dorsey* (1972) 28 Cal.App.3d 15, 18 [104 Cal.Rptr. 326], relied on by defendant, simply holds that under the applicable statutory scheme a trial court has the power to strike a section 12022.5 finding. Whether *Dorsey* is or is not correct, is beside the point. Even that decision recognized that by appropriate language the Legislature could indicate that a section 12022.5 finding cannot be dismissed.

(2) Without challenging the length of the sentence prescribed by section 11352 of the Health and Safety Code, defendant claims that section 1203.07 violates the constitutional prohibition against cruel or unusual punishments (Cal. Const., art. I, § 17) because it prohibits probation "on a blanket basis and without regard to mitigating factors."

In this argument defendant seeks to go further than any decision known to us. Whether he admits it or not, both under the indeterminate

sentencing law and under the determinate sentence law, mitigating factors play a very important part in setting the actual punishment imposed. What defendant is really arguing, therefore, is that article I, section 17 of the Constitution demands that the Legislature must permit trial courts to consider mitigating factors in granting or denying probation. Thus viewed, the argument is simply a rearrangement of the *Tenorio* point previously rejected. Certainly defendant has not furnished us with the kind of information (see *In re Lynch* (1972) 8 Cal.3d 410, 429-437 [105 Cal.Rptr. 217, 503 P.2d 921]) usually thought relevant to any "cruel or unusual" argument.

(3) Finally defendant challenges section 1203.07 on the ground that the legislative classification—sale or possession for sale of one-half ounce or more "of a substance containing heroin"—bears no rational relationship to the purpose of section 1203.07 the discouragement of the sale of heroin. In this connection defendant points out that a person convicted of selling .4 of an ounce of pure heroin is eligible for probation, while a defendant who sells .5 of an ounce of a mixture so weak that it barely satisfies the requirements of *People* v. *Leal* (1966) 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], is ineligible.

The Attorney General concedes that, inasmuch as the grant or denial of probation involves personal liberty, section 1203.07 must be judged by the "strict scrutiny" test, "with the state bearing the burden of showing a compelling interest to justify its enactment and of demonstrating that whatever distinctions are drawn by it are necessary to further its goals." (See *People* v. *Olivas* (1976) 17 Cal.3d 236, 243 [131 Cal.Rptr. 55, 551 P.2d 375].)

Whether or not a given statute furthers a particular state interest depends on how the state interest is defined. In its largest sense, the state interest involved is, of course, suppression of trafficking and use of heroin, and the means chosen are, inter alia, criminal sanctions including imprisonment. This does not mean that the severity of these sanctions must be finely tuned to correspond to the amount of pure heroin involved in any given transaction. Sections 11351 and 11352 of the Health and Safety Code—to which section 1203.07 of the Penal Code relates—deal with the heroin traffic as it is carried on, not as it might be conducted. The Legislature knew and we know that as a practical matter everyday sales of heroin do not involve the pure substance but a diluted mixture, often "cut" to the point of being barely usable as a narcotic. The narrow compelling state interest involved is, therefore, not the suppression of

pure heroin but the prevention of trafficking in the type of "substance containing heroin" which passes from pusher to addict in the ordinary course of events. Thus viewed, we think that section 1203.07 passes constitutional scrutiny.

The judgment is affirmed as to count 1 and reversed as to count 2. The superior court is ordered to correct its records to reflect a credit of 36 days pursuant to section 2900.5 of the Penal Code.

Stephens, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1978.