Filed 7/24/13  In re B.L. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re B. L., a Person Coming Under the Juvenile Court Law. _____ | B241285 |
| THE PEOPLE, Plaintiff and Respondent, v. B. L., Defendant and Appellant. | (Los Angeles County Super. Ct. No. FJ49457) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Totten, Juvenile Court Referee.  Modified and, as modified, affirmed with directions.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Lawrence M. Daniels and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

_____

B. L., a minor, appeals from the order of wardship (Welf. & Inst. Code, § 602) entered following a determination he committed second degree robbery (Pen. Code, § 211). The court ordered appellant placed in the custody of his parents and specified a maximum term of physical confinement of five years. We modify the order of wardship and, as so modified, affirm it with directions.

## FACTUAL SUMMARY

The facts concerning the above robbery are not pertinent to this appeal. Suffice it to say that on August 27, 2011, appellant committed a strong-arm robbery of Maria Solorio in Los Angeles County.

## ISSUE

Appellant claims the trial court erred by specifying a maximum term of physical confinement.

## DISCUSSION

*The Trial Court Erroneously Specified a Maximum Term of Physical Confinement.*

The reporter's transcript of the April 9, 2012 dispositional hearing in this case reflects the court declared appellant a ward of the court. The court then stated, "[t]his offense is a felony, maximum confinement time is five years. Care, custody, control of the minor is placed with his parents under the supervision of probation."

Appellant claims the trial court erroneously specified a maximum term of physical confinement. We agree. The specification was error because the court did not order appellant removed from the physical custody of his parents; instead, the court ordered that care, custody, and control of appellant be placed with his parents under the supervision of probation. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 539, 541-542; *In re Ali A.* (2006) 139 Cal.App.4th 569, 571.) We will modify the judgment by striking the court's specification of a maximum term of physical confinement. (*In re Matthew A.*, at pp. 541-542.)

2

We note the April 9, 2012 minute order has two checked boxes indicating "[c]ustody of minor is taken from the parents or guardians" and "[m]inor is placed in the care, custody and control of the Probation Officer," respectively. These entries conflict with the reporter's transcript which, as mentioned, reflects "[c]are, custody, control of the minor is placed with his parents under the supervision of probation." The reporter's transcript controls. (*In re P.A.* (2012) 211 Cal.App.4th 23, 30, fn. 4.) The minute order also has a checked box indicating "[m]inor may not be held in physical confinement for a period to exceed 5 yrs . . . ." The three above quoted minute order entries are erroneous and the trial court must correct the minute order by deleting them. (Cf. *People v. Solorzano* (1978) 84 Cal.App.3d 413, 415, 417.)

### *DISPOSITION*

The order of wardship is modified by striking the court's order specifying a maximum term of physical confinement of five years and, as so modified, the order of wardship is affirmed. The trial court is directed to correct its April 9, 2012 minute order consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

KLEIN, P. J.                                    CROSKEY, J.

3