Filed 10/31/24  P. v. Burciaga CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL BURCIAGA,<br><br>　　Defendant and Appellant. | B329464<br><br>(Los Angeles County<br>Super. Ct. No.<br>KA105904) |

　　APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Sentence vacated; remanded for resentencing.

　　Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General for Plaintiff and Respondent.

In 2014, Michael Burciaga was convicted of two counts of attempted murder, one count of shooting at an occupied motor vehicle, and one count of felon in possession of a firearm, with associated enhancements. In 2022, Burciaga filed a petition for writ of habeas corpus with the trial court that the court granted in part. In 2023, the trial court fully resentenced Burciaga and dismissed certain enhancements that were not supported by the evidence, but reimposed a personal firearm use enhancement of 25 years to life in the attempted murder in count 1 pursuant to Penal Code[1] section 12022.53, subdivision (d).

On appeal, Burciaga contends that the trial court did not understand that, pursuant to section 1385, subdivision (c)(2), it had discretion to dismiss the section 12022.53, subdivision (d) enhancement in count 1, and he urges us to remand the case to permit the court to exercise its discretion in the first instance. The People counter that Burciaga forfeited the contention on appeal by failing to object at the resentencing hearing. In the event that we conclude the contention was not forfeited, the People acknowledge that the trial court misstated the analysis for determining whether to impose an enhancement under section 1385, subdivision (c)(2), but assert that the error was harmless because the trial court would have exercised its discretion to impose the enhancement, regardless. The People further assert that the trial court imposed and stayed 20-year enhancements pursuant to section 12022.53, subdivision (c) in counts 2 and 3, and that the abstract of judgment must be corrected to properly reflect the trial court's pronouncement of sentence.

We agree with Burciaga. We vacate the sentence and remand the matter to permit the trial court to fully resentence

---

[1] All further statutory references are to the Penal Code.

Burciaga and determine whether to exercise its discretion pursuant to section 1385.[2]  In all other respects, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

### A.    *The Shooting*[3]

On May 19, 2013, Edward Campbell, an original member of the Puente Trece gang and a member of its Perth Street clique, drove a vehicle to La Puente and picked up Adrian Torres, another member of that gang and a member of the Ballista clique.  Campbell offered to give Torres a ride home, but told Torres that he first had to go to Burciaga's brother Matthew's house, to get answers about the death of a Puente Trece gang member who had been shot the night before.  Torres knew there was "bad blood" between Campbell and Matthew.

When Campbell and Torres arrived at Matthew's house, there were three people outside in front of the garage:  Mathew, Robert Valdivia, and Burciaga.  Burciaga and Valdivia were members of the Puente Trece gang.

---

[2] Contrary to the People's assertions, viewing the trial court's comments as a whole, it appears likely that the court intended to impose and stay 10-year enhancements pursuant to section 12022.53, subdivision (b) in counts 2 and 3.  In light of our disposition, which remands for full resentencing, we need not address the issue.

[3] The facts are taken from this court's prior unpublished opinion in *People v. Burciaga* (Apr. 7, 2016, B263517).

Before getting out of the vehicle, Campbell handed Torres a gun, which Torres placed in the center console. Campbell then told the men who were in front of the garage, "I'm not armed. I just—I just need to ask some questions."

Campbell exited the vehicle and walked toward Matthew, Valdivia, and Burciaga. Torres remained in the vehicle. Burciaga approached Campbell; Matthew and Valdivia remained near the garage. Burciaga and Campbell stood close to one another and spoke. The conversation led to an argument. Torres then heard four or five gunshots and saw Burciaga shoot Campbell. Campbell backed up, holding his stomach. Matthew and Valdivia were still near the garage.

Campbell walked toward the vehicle; he was crouched over and holding his stomach. Torres moved from the passenger seat of the vehicle to the driver's seat. Campbell, whose shirt was bloody, entered the passenger seat of the vehicle and asked Torres to take him to a hospital. While Campbell's car was still parked, Torres heard Valdivia yell, "That's his nephew. Get him." Burciaga shot at the vehicle. Torres returned fire and drove off. En route to the hospital, Torres put his hand on Campbell's stomach to hold in Campbell's organs.

## B.    *Conviction and Sentencing*

In 2014, the jury found Burciaga guilty of the attempted murders of Campbell and Torres (§§ 187, subd. (a) & 664, counts 1 and 2, respectively), shooting at an occupied motor vehicle (§ 246, count 3), and felon in possession of a firearm (§ 29800, subd. (a)(1), count 4). The jury found true the allegations that Burciaga personally and intentionally discharged a firearm in the

4

commission of the offenses charged in counts 1 through 3 (§ 12022.53, subds. (b)–(d)), and that those offenses were committed for the benefit of a criminal street gang in violation of section 186.22, subdivision (b).  In a separate proceeding, the trial court determined that Burciaga had suffered three prior convictions within the meaning of section 667.5, subdivision (b). The trial court sentenced Burciaga to consecutive 40-year-to-life terms on counts 1 and 2, plus one year for each prior conviction, for a total of 83 years to life in prison.  The trial court stayed imposition of sentence on counts 3 and 4 pursuant to section 654.

## C.    *Appeal and First Resentencing*

On appeal in 2016, another panel of this court reversed the gang enhancement in count 1 and modified the judgment to accurately reflect Burciaga's custody credits, but otherwise affirmed the judgment.

Following remand, the trial court struck the gang enhancement in count 1 and resentenced Burciaga to 73 years to life in prison.[4]

## D.    *Habeas Corpus Petition*

In 2022, Burciaga, acting in pro. per., filed a habeas corpus petition with the trial court, arguing in relevant part that the section 12022.53, subdivision (d) personal gun use enhancements in counts 1 and 2 and the section 186.22, subdivision (b) enhancements in counts 1 through 3 should be dismissed based

---

[4] It is unclear how the court calculated the total sentence.

on the Los Angeles District Attorney's Office Special Directives from December 2020.[5]  The trial court granted the petition in part, but on a different basis.  The court ruled that, based on the People's concession that neither of the victims in counts 1 and 2 was struck by gunfire, there was insufficient evidence to support the findings that Burciaga personally discharged a firearm causing great bodily injury or death under section 12022.53, subdivision (d) in those two counts.  The People further conceded, and the trial court agreed, that a gang enhancement pursuant to section 186.22, subdivision (b)(4)(B), was also insufficiently supported.  The matter was set for resentencing.

## E.    *Resentencing*

At the resentencing hearing, the trial court indicated that it intended to strike the section 12022.53, subdivision (d) enhancements in counts 1 and 2 and the section 186.22, subdivision (b)(4)(B) enhancement in count 3.  In counts 1 and 2, the court was undecided regarding whether to impose enhancements under section 12022.53, subdivision (b) or subdivision (c), which the jury also found true.  The court stated that it intended to impose one of those two enhancements in each count and was deciding between a total sentence of 34 years to life or 54 years to life.  However, the court continued the hearing so that the parties could obtain the records of Burciaga's conduct in prison for the court to consider, explaining:  "I am on the fence on whether to impose the 10- or the 20-year [enhancement] . . . as

---

[5] The habeas petition is not contained in the record on appeal.

I sit now, I will impose one of those two.  Now, of course my position may change after I see his [conduct file] . . . ."

The parties subsequently provided the court with Burciaga's prison records for the next hearing.

At the final hearing on resentencing, the court explained that both the court and the People were previously mistaken in their belief that neither of the attempted murder victims was shot.  In fact, Campbell, the victim in count 1, had been shot and seriously injured, so there was substantial evidence to support the section 12022.53, subdivision (d) enhancement in count 1.  As the People conceded, however, there was insufficient evidence to support the enhancements associated with the attempted murder of Torres in count 2 and the shooting at an occupied vehicle conviction in count 3 because no one was shot in connection with either count.  The court stated that it was fully resentencing Burciaga to a term of 39 years to life in prison, as follows:  In count 1, the court imposed a term of 7 years to life for the attempted murder, plus 25 years to life for the gun enhancement pursuant to section 12022.53, subdivision (d).  In count 2, a consecutive term of 7 years to life for the attempted murder, plus a 10-year term pursuant to section 12022.53 that the trial court stayed.  In count 3, five years for shooting at an occupied vehicle, plus a 10-year enhancement pursuant to section 12022.53, both

stayed pursuant to section 654.[6]  Finally, in count 4, a term of two years, also stayed pursuant to section 654.[7]

After the court pronounced sentence, Burciaga asked to be heard regarding the District Attorney's Office Special Directives. The court explained that the directives were not law, but could be followed at the discretion of the prosecutor.  The trial court asked if the People would consider withdrawing the section 12022.53, subdivision (d) enhancement, and the prosecutor declined.

The court then stated:  "Now, pursuant to new legislation 1385, it has a bullet point that says no enhancement can be more than 20 years or that would lead a sentence to over 20 years. That does not apply to [section] 12022.53[, subdivision] (d) because by its very terms it calls for [a] 25-to-life sentence.  If the court—if the court were to follow the new legislation—I just read a case yesterday that came out on this—it would mean an effective repeal of that statute; in other words, that the 1385—the new 1385 legislation would effectively repeal [section] 12022.53[, subdivision] (d), would also repeal [section] 12022.53[, subdivision] (b); so that does not apply.  So that

---

[6] The court inconsistently identified the 10-year firearm use enhancements in counts 2 and 3 as being imposed under section 12022.53, subdivision (c)—under which a 20-year enhancement must be imposed—and "the lowest one"—i.e., section 12022.53, subdivision (b), which carries a 10-year enhancement term.

[7] In total, the court struck the section 12022.53, subdivision (d) enhancements in counts 2 and 3, the section 186.22, subdivision (b)(4)(B) enhancement in count 3, and the three one-year prior prison term enhancements imposed pursuant to section 667.5, subdivision (b).

enhancement will stand. All of the other enhancements in your case have been stricken because you had three one-year priors. Of course, the other two [section 12022.53, subdivision] (d) enhancements didn't apply to you, but the court could have imposed [section 12022.53, subdivision] (c) or (b), but I did impose but stayed."

Burciaga timely appealed.

## DISCUSSION

### A.   *Legal Principles*

Section 12022.53, subdivision (d) provides that when, in the commission of a specified felony, a person "personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in [s]ection 12022.7, or death, to a person other than an accomplice, [the person discharging the firearm] shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life." When Burciaga was sentenced in 2014, "section 12022.53 prohibited courts from striking its enhancements. Former subdivision (h) of section 12022.53 provided: 'Notwithstanding [s]ection 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section.' (Stats. 1997, ch. 503, § 3, p. 3137.) Thus, if a section 12022.53 enhancement was alleged and found true, its imposition was mandatory. [Citations.] In 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620), amending section 12022.53[, subdivision] (h) to remove this prohibition. (Stats. 2017, ch. 682, § 2.) Section

9

12022.53[, subdivision] (h) now provides that a 'court may, in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.' " (*People v. Tirado* (2022) 12 Cal.5th 688, 695–696.)

At the time that Senate Bill 620 became effective, "[s]ection 1385 provide[d] that a court may, 'in furtherance of justice, order an action to be dismissed.' (*Id.*, subd. (a).) Though section 1385 literally authorizes the dismissal of 'an action,' it [was] construed to permit the dismissal of parts of an action (see *People v. Burke* (1956) 47 Cal.2d 45, 51), including a weapon or firearm use enhancement (see *People v. Price* (1984) 151 Cal.App.3d 803, 818–819, *People v. Dorsey* (1972) 28 Cal.App.3d 15, 17–18)." (*People v. Tirado*, *supra*, 12 Cal.5th at p. 696.) Subsequently, "Senate Bill No. 81 [(2021–2022 Reg. Sess.)] and Assembly Bill No. 200 (2021–2022 Reg. Sess.) . . . respectively added, and later amended, section 1385, subdivision (c)." (*People v. Cota* (2023) 97 Cal.App.5th 318, 334–335.) "[S]ection 1385, subdivision (c)(1) now provides that 'the court shall dismiss an enhancement if it is in the furtherance of justice to do so,' and subdivision (c)(2) states that '[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence' of nine listed 'mitigating circumstances,' any 'one or more' of which 'weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.' " (*People v. Mazur* (2023) 97 Cal.App.5th 438, 443–444, review granted Feb. 24, 2024, S283229.) Among the mitigating circumstances enumerated in section 1385 is subdivision (c)(2)(C), at issue here, which states: "The application of an enhancement could result in a sentence of over 20 years. In

10

this instance, the enhancement shall be dismissed."[8]  Despite this facially mandatory language, all appellate courts to consider the issue have concluded that section 1385, subdivision (c)(2)(C) permits, but does not require a court to dismiss an enhancement, like section 12022.53, subdivision (d), that would result in a sentence of over 20 years in prison.  (*People v. Cota, supra,* 97 Cal.App.5th at p. 337; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284–1290; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15–21.)

## B.   *Analysis*

Burciaga argues that the trial court did not understand that it had discretion to dismiss the 25-years-to-life personal gun use enhancement in count 1 pursuant to section 1385, subdivision (c)(2)(C).  The People assert that Burciaga forfeited the argument by failing to object at the resentencing hearing.  Alternatively, the People argue that, although the trial court misstated the proper analysis under section 1385, subdivision (c), any error was harmless because the court would have imposed the section 12022.53, subdivision (d) enhancement in count 1 regardless.  We agree with Burciaga.

We reject the People's assertion that Burciaga forfeited his contention by failing to raise it below.  It is clear from the record

---

[8] With the exception of the mitigating circumstance set forth in section 1385, subdivision (c)(2)(B), the remaining mitigating circumstances do not contain the "shall be dismissed" language.  Section 1385 is subdivision (c)(2)(B) provides: "Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed."

that the trial court conducted a full resentencing under the current laws, including amended section 1385. Burciaga contends that the court was not aware of the scope of its discretion. We may review such a legal error in sentencing when raised for the first time on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 594.)

As the People acknowledge, the trial court explained to Burciaga at the hearing that section 1385, subdivision (c)(2)(C) did not apply to an enhancement like section 12022.53, subdivision (d), which itself imposes a prison term that exceeds 20 years, because if it did, section 1385, subdivision (c)(2)(C) would effectively repeal section 12022.53, subdivision (d). The court's explanation is incorrect. Section 1385, subdivision (c)(2)(C) would only have the effect of repealing section 12022.53, subdivision (d) if the provision required that the court dismiss enhancements imposed pursuant to section 12022.53, subdivision (d) in every instance. That is not the case. As we stated above, every appellate court to consider the issue has held that courts have discretion to impose or dismiss a section 12022.53, subdivision (d) enhancement pursuant to section 1385, subdivision (c). (*People v. Cota*, *supra*, 97 Cal.App.5th at p. 337; *People v. Renteria*, *supra*, 96 Cal.App.5th at pp. 1284–1290; *People v. Mendoza*, *supra*, 88 Cal.App.5th at pp. 294–297; *People v. Lipscomb*, *supra*, 87 Cal.App.5th at pp. 15–21.)

We are not persuaded by the People's argument that the court's statement that Campbell "was hit in the stomach and was seriously injured" demonstrates that the court impliedly found that it was not in the furtherance of justice to dismiss the enhancement. When the court made that statement, it was explaining to the parties that it made a mistake when they

12

initially discussed the counts in which section 12022.53, subdivision (d) enhancements were not supported by the evidence. The court clarified that the evidence did not support the enhancements in counts 2 and 3, because no one was injured by a firearm in relation to those counts. Campbell was seriously injured in count 1, however, "and that 25 to life, the [section 12022.53, subdivision] (d) [enhancement], applies to that. The People conceded count 2 and count 3 [in response to Burciaga's habeas corpus petition]. They never conceded to count 1."

The court's explanation of which counts were affected by its partial grant of Burciaga's habeas petition is not tantamount to a statement that it would have imposed the section 12022.53 enhancement in count 1 even if it knew that it had discretion to dismiss the enhancement. Burciaga "is entitled to [a]decision[] made by a court exercising informed discretion." (*People v. Tirado*, *supra*, 12 Cal.5th at p. 694.) Because the trial court was not aware that it had discretion to dismiss the section 12022.53, subdivision (d) enhancement in count 1, we vacate the sentence and remand to the trial court for resentencing.

13

## DISPOSITION

We vacate the sentence and remand the matter to the trial court for a full resentencing at which the court may determine whether to exercise its discretion to strike the section 12022.53, subdivision (d) enhancement in count 1.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

MOOR, Acting P. J.

WE CONCUR:

KIM, J.

DAVIS, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.